In re The Matter of the ASSESSMENT OF REAL PROPERTY WITHIN CARTER COUNTY, Oklahoma.

No. 39343.

Supreme Court of Oklahoma.
June 13, 1961.

James D. Payne, County Atty., Carter County, by Burke G. Mordy, Asst. County Atty., Carter County, Ardmore, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Fred Hansen, First Asst. Atty. Gen., L. G. Hyden, Asst. Atty. Gen., Albert D. Lynn, Gen. Counsel, Oklahoma Tax Commission, Ed Armstrong, Asst. Counsel, Oklahoma Tax Commission, Oklahoma City, for defendant in error.

Otjen & Carter, by Frank Carter, Enid, for Oklahoma Farm Bureau, amicus curiae.

PER CURIAM.

In this appeal, plaintiff in error, or appellant, seeks reversal of the same State Board of Equalization's order, appealed from in Board of County Com'rs of Kay County, Okl. v. State Board of Equalization, Okl., 363 P.2d 257. Said order requires an increase of 7.75% in the valuation (for ad valorem tax purposes) of rural realty in Carter County, and an increase of 7.5% in the valuation of urban realty in said County. Because of this difference in percentages of increase appellant contends that said order contravenes the uniformity provision of Art. X, sec. 5 of the Oklahoma Constitution. This same argument was made in the cited case. Here, as there, it is not disputed that rural property in Carter County is presently assessed at a smaller percentage of its fair cash value than urban property. In the cited case we held that in a county, where that situation exists, the order's requirement of a larger increase in the valuation of a county's rural realty, than its urban realty, did not demonstrate that the order violated the cited constitution provision. In view of that decision, appellant's argument presents no cause for reversal; and the same order herein appealed from is again hereby affirmed.

Also, the period for filing a petition for rehearing herein is reduced from 15, to 10, days, as was ordered in the cited case.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and WELCH, DAVISON, HALLEY, JOHNSON and BERRY, JJ., concur.

IRWIN, J., concurs specially.

JACKSON, J., dissents.

IRWIN, Justice (concurring specially).

I concur specially for the reasons set forth in Board of County Commissioners of Canadian County, Oklahoma v. State Board of Equalization, Okl., 363 P.2d 242.